**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| JAMIRA C. SAMPSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:26-cv-2-TES-AGH |
| | : | |
| Officer WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

# ORDER

Before the Court is Plaintiff's motion to reconsider appointment of counsel (ECF No. 24), in which Plaintiff asserts additional grounds for appointed counsel. For the following reasons, Plaintiff's motion is denied.

First, to the extent Plaintiff seeks reconsideration of the Court's denial of appointed counsel, pursuant to Local Rule, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. The Court has previously held that

> [m]otions for reconsideration are only appropriate if the movant can show: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.

*Thomas v. Owens*, No. 5:08-CV-414 (CAR), 2009 WL 3747162, at *1 (M.D. Ga. Nov. 4, 2009) (quotations omitted) (internal citations omitted). In his motion for reconsideration, Plaintiff makes no attempt to show any proper ground for

reconsideration. Plaintiff should note that simply reasserting an issue the Court has already considered—and rejected—is an insufficient showing for the purposes of reconsideration. Accordingly, to the extent Plaintiff moves the Court to reconsider its denial of appointed counsel, his motion (ECF No. 24) is **DENIED**.

Second, to the extent that Plaintiff asserts that counsel is necessary because he continues to be unable to retain counsel and has been granted leave to proceed *in forma pauperis* (IFP), as the Court previously informed Plaintiff, there is "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* While Plaintiff was granted leave to proceed IFP under 28 U.S.C. § 1915, that same statute does not mandate the appointment of counsel. Plaintiff also asserts that his incarceration limits his ability to litigate his case. Pl.'s Mot. Recons. Couns. 1-2, ECF No. 24. Although incarceration does "pose difficulties with respect to conducting discovery," Plaintiff still retains options for "conducting discovery" and prosecuting his claims at this stage in the proceedings. *F.T.C. v. Lalonde*, 545 F. App'x 825, 833-34 (11th Cir. 2013).

Finally, as the Court explained to Plaintiff when it denied his first motion to appoint counsel, at this stage of litigation, it is not yet clear that the case will proceed to trial, given that dispositive motions have yet to be filed. Should it become evident that appointment of counsel is necessary, the Court, on its own motion, will consider

assisting Plaintiff with securing counsel. Thus, Plaintiff should not file additional motions to appoint counsel.

SO ORDERED, this 14th day of October, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE